IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____            :
                                             :
NVR, INC.,                                   :   CIVIL ACTION
                                             :
                    Plaintiff,               :   No. 1:15-cv-05059-NLH-KMW
                                             :
        v.                                   :
                                             :
JONATHAN DAVERN,                             :
                                             :
                    Defendant.               :
_____            :

**DEFENDANT JONATHAN DAVERN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Jonathan Davern, by his undersigned counsel, hereby answers the complaint of Plaintiff, NVR, Inc., and avers as follows:

**NATURE OF THE ACTION**

1.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

2.      Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

3.      Denied. Defendant specifically denies the characterization of his actions as "nefarious." By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied. By way of further response, the allegations concerning NVR's Code of Ethics and technology policies refer to writings which speak for themselves, and are therefore denied.

4.      Admitted in part, denied in part.  It is admitted only that Defendant received an offer of employment from D.R. Horton, Inc. ("Horton").  The remaining allegations of this paragraph, as well as Plaintiff's characterizations of Defendant's alleged actions, are denied.

5.      Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

### THE PARTIES

6.      Admitted.

7.      Admitted.

### JURISDICTION AND VENUE

8.      Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

9.      Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

10.      Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

### ALLEGATIONS COMMON TO ALL COUNTS

**I.   Plaintiff's Business**

11.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

12.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

2

13.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

14.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

15.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

**II.     <u>Plaintiff's Confidential and Proprietary Information</u>**

16.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

17.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

18.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

19.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

20.     Admitted in part, denied in part. Defendant admits only that he was required to sign Plaintiff's Code of Ethics.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and, therefore, denies them.

21.     Admitted in part, denied in part. Defendant admits only that he received the most recent version of the Code of Ethics.  The allegations concerning the substance of the Code of Ethics are denied, as they refer to a writing which speaks for itself.  By way of further response, after reasonable investigation, Defendant is without knowledge to form a belief as to the truth of allegations concerning what was given to all NVR employees, and such allegations are therefore denied.

22.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

23.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

24.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

25.     Denied.  The allegations concerning Plaintiff's End User Computing Policy refer to a writing which speaks for itself, and are therefore denied. By way of further response, after reasonable investigation, Defendant is without knowledge to form a belief as to the truth of allegations concerning what all NVR employees were subject to, and such allegations are therefore denied.

26.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

4

27.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

28.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

29.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

**III.    Defendant's Employment with Plaintiff**

30.     Admitted.

31.     Admitted.

32.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

33.     Admitted in part, denied in part. It is admitted that Defendant executed a Human Resources Policies and Procedures Acknowledgment (the "Acknowledgement") on or about January 4, 2005. The Acknowledgment is a writing, which speaks for itself, and therefore the rest of the allegations are denied.

34.     Admitted in part, denied in part.  It is admitted that Defendant had access to the referenced categories of information. Plaintiff's characterizations of such information are denied as they constitute conclusions of law to which no response is required.

35.     Admitted in part, denied in part. It is admitted only that Defendant's compensation could have exceeded $200,000 in 2014.  Plaintiff's characterizations of Defendant's earnings and speculation as to his 2015 earnings are denied.

**IV.     Defendant's Resignation from Plaintiff**

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted in part, denied in part. It is admitted only that Defendant informed Dylan Sinclair of his intent to resign from Plaintiff.  Plaintiff's characterizations of the conversation as set forth in this paragraph are denied.

40.     Admitted in part, denied in part. It is admitted that Horton maintains an office located in Mount Laurel, New Jersey.  After reasonable investigation, Defendant is without knowledge to form a belief as to the truth of allegations concerning what NVR learned and when it learned it, and such allegations are therefore denied.

41.     Admitted in part, denied in part. It is admitted that Defendant had a conversation with Sinclair. Plaintiff's characterization of the conversation as set forth in this paragraph is denied.

42.     Admitted.

43.     Admitted in part, denied in part. It is admitted that Defendant had a subsequent conversation with Todd Pallo.  Plaintiff's characterization of the conversation as set forth in this paragraph is denied.

**V.     Defendant's Purported Theft of Plaintiff's Confidential Information**

44.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

45.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

46.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

47.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

48.     Admitted in part, denied in part. It is admitted that Defendant forwarded an email on June 12, 2015.  Plaintiff's characterizations of the email and its contents as set forth in this paragraph are denied.

49.     Denied.  The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

50.     Admitted in part, denied in part. It is admitted only that Defendant's last date of employment was June 15, 2015. The remaining allegations in this paragraph constitute conclusions of law, to which no response is required, and are therefore denied.

51.     Denied. The allegations in this paragraph constitute conclusions of law, to which no response is required, and are therefore denied.

52.     Denied.

53.     Denied. It is denied that Defendant engaged in a "flagrant taking" of confidential information. By way of further response, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what was "apparent" to Plaintiff and, therefore, denies them.

54.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

55.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

56.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

57.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

58.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.  By way of further response, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies them.

59.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

60.    Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

61.    Admitted in part, denied in part. It is admitted that Defendant received a cease and desist letter on or around June 19, 2015. The remaining allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

62.    Admitted in part, denied in part. It is admitted that Defendant contacted counsel for Plaintiff of transmitting information. It is further admitted that Defendant informed counsel he had not used, disclosed, or intended to use any such information. It is denied that he specifically mentioned transferring "confidential information."

63.    Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

**VI.    <u>Irreparable Harm to Plaintiff</u>**

64.    Denied. Defendant denies that he has disclosed or threatened to disclose any confidential information belonging to NVR, and has willingly cooperated in the return of all documents, electronically stored information, and technological items. The remaining of the allegations are legal conclusions, to which no response is required, and are therefore denied.

65.    Denied. The allegations set forth in this paragraph are legal conclusions, to which no response is required.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Actual and/or Threatened Misappropriation of Trade Secrets in Violation of the New Jersey Trade Secrets Act, J.J.S.A. 56:15-1, *et seq.*)**

66.    Defendant incorporates the answers set forth in paragraphs 1-65.

67.     Admitted in part, denied in part.  It is admitted that Defendant had access to the referenced categories of information. Plaintiff's characterizations of such information are denied as they constitute conclusions of law to which no response is required.

68.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

69.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

70.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

71.     Denied. It is specifically denied that Defendant "used, disclosed, and/or threatened to disclose" Plaintiff's confidential information or trade secrets.

72.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

73.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

74.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

75.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

76.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and,

therefore, denies them.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

77.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's First Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
**(Violation of the Computer Fraud & Abuse Act, 18 U.S.C. § 1030 *et seq.*)**

78.     Defendant incorporates the answers set forth in paragraphs 1-77.

79.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

80.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

81.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

82.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied. By way of further response, any allegations concerning the Computing Policy refer to a writing which speaks for itself, and are therefore denied.

11

83.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied. By way of further response, any allegations concerning the Computing Policy refer to a writing which speaks for itself, and are therefore denied.

84.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

85.     Denied.

86.     Denied.

      (a)     Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

      (b)     Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

      (c)     Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

87.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

88.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Second Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Violation of New Jersey's Computer Related Offenses Act, N.J.S.A. 2A:38A-3)**

89.　　Defendant incorporates the answers set forth in paragraphs 1-88.

90.　　Denied.

　　　　(a)　Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

　　　　(b)　Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

　　　　(c)　Denied. The allegations in this sub-paragraph constitute conclusions of law to which no response is required, and are therefore denied.

91.　　Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

92.　　Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

93.　　Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Third Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract: Violation of Code of Ethics)**

94.　　Defendant incorporates the answers set forth in paragraphs 1-93.

13

95.     Admitted in part, denied in part. It is admitted that Defendant executed the Acknowledgement on or about January 4, 2005.  The remaining allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

96.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

97.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

98.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

99.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

100.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Fourth Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Breach of Contract: Specific Performance –**
**Return of Property and Confidential Information)**

101.    Defendant incorporates the answers set forth in paragraphs 1-100.

102.    Denied. The allegations in this paragraph refer to a writing which speaks for itself, and are therefore denied.

103.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

14

104.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

105.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Fifth Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

106.    Defendant incorporates the answers set forth in paragraphs 1-105.

107.    Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

108.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

109.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

110.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

111.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

112.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Sixth Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unfair Competition)

113.    Defendant incorporates the answers set forth in paragraphs 1-112.

114.    Denied.

115.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

116.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

117.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

118.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Seventh Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

119.    Defendant incorporates the answers set forth in paragraphs 1-118.

120.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

16

121.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

122.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and are therefore denied.

**WHEREFORE**, Defendant respectfully request that Plaintiff's Eighth Cause of Action be dismissed, with prejudice, in its entirety, together with such other and further relief as this Court deems just.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to violation of the implied covenant of good faith and fair dealing.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because they have not suffered damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because they have failed to mitigate their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' request for injunctive relief should be denied as unwarranted, moot, vague, and overly broad.

**RESERVATION OF RIGHT TO AMEND**

Defendant hereby reserves the right to amend its answer to plead any additional answer or affirmative defenses that may be supported by law, facts or circumstances which may not presently be known but which may be discovered during the pendency of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Jonathan Davern demands dismissal of the complaint with prejudice, costs of suit, and such other and further relief as the Court deems just and proper.


KANG HAGGERTY & FETBROYT LLC

By:   */s/ Daniel D. Haggerty*
      Edward T. Kang
      Daniel D. Haggerty
      123 S. Broad Street, Suite 1670
      Philadelphia, PA 19109
      ekang@LawKHF.com
      dhaggerty@LawKHF.com
      (215) 525-5850

18

(215) 525-5860 (fax)
*Attorneys for Defendant*

Dated:  July 23, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____ :
                                   :
NVR, INC.,                         :   CIVIL ACTION
                                   :
              Plaintiff,           :   No. 1:15-cv-05059-NLH-KMW
                                   :
        v.                         :
                                   :
JONATHAN DAVERN,                   :
                                   :
              Defendant.           :
_____ :

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel D. Haggerty, hereby certify that on July 23, 2015, a true and correct copy of

Defendant's Answer to Plaintiff's Complaint has been filed electronically and may be viewed

and/or downloaded through the ECF system maintained by the Clerk of the United States District

Court for the District of New Jersey.  The following counsel representing the following party

will receive electronic notification:

James S. Yu, Esquire
Seyfarth Shaw LLP
620 East Avenue
New York, NY 10018
*Attorney for Plaintiff*


              */s/ Daniel D. Haggerty*_____
              Daniel D. Haggerty


Dated:  July 23, 2015